NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                      :
In re ACB RECEIVABLES                 :
MANAGEMENT                            :
                                      :    Civil Action No. 14-6418 (FLW)(LHG)
_____        :
THIS DOCUMENT RELATES TO              :           CLASS ACTION
       ALL ACTIONS                    :              OPINION
                                      :
_____ :
```

**WOLFSON**, **United States District Judge**:

Plaintiffs Jose Rodriguez ("Rodriguez") and Fortuna Manopla ("Manopla") (collectively "Plaintiffs"), brought separate putative class actions, i.e. Civ. No 14-6418 and Civ. No.15-0253, against Defendant ACB Receivables Managements ("Defendant"), each alleging that Defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C § 1692f(8), by mailing letters which showed Plaintiffs' respective account numbers through a glassine window in the envelope. This Court consolidated the two cases, and Defendant presently moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]

For the reasons expressed herein, Defendant's Motion to Dismiss is denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts are taken from Plaintiffs' Complaints, which I accept as true for the purposes of this Motion. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6). Rodriguez, a

---

[1] Defendant filed separate Motions to Dismiss in each case. However, because the cases were consolidated, and the briefs for each motion are identical, they shall be treated as one Motion for the purpose of this decision. Plaintiffs have not filed a consolidated Complaint; because the case will be moving forward, Plaintiffs will be required to do so.

1

"consumer" as defined by 15 U.S.C. § 1692a(3), allegedly incurred a debt, as defined by 15 U.S.C. § 1692a(5), to Meridian Behavioral Health, Inc. ("MBH"). Rodriguez Compl. ¶¶ 6, 15. MBH, either directly or through an intermediary, contracted with Defendant to collect Rodriguez's debt. *Id.* ¶¶ 20–21. On or about March 6, 2014, Defendant mailed Rodriguez a collection letter in an attempt to collect the MBH debt. *Id.* ¶ 22. This letter was mailed in a window envelope, and Rodriguez asserts that his account number was visible through the glassine window. *Id.* ¶¶ 25–26. The letter was attached to his Complaint as Exhibit A, and it appears that Rodriguez's account number is visibly typed over his name and address. *Id.* Ex. A. Rodriguez further alleges that Defendant sent similar communications "to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint." *Id.* ¶ 30.

Plaintiff Manopla, a consumer under the statute, incurred a debt, as defined by the statute to Jersey Shore Imaging. Manopla Compl. ¶ 14. This debt was "placed with ACB for the purpose of collection." *Id.* ¶ 18. On or about January 16, 2014, ACB mailed a letter to Manopla, attached to the Complaint as Exhibit A. *Id.* ¶ 20. This letter was mailed in a window envelope, and displayed through the glassine window, the number "A-FXXX20"[2] above Plaintiff's name and address; Manopla's account number with ACB is FXXX20. *Id.* ¶¶ 23, 24, 26. Manopla, like Rodrigeuz, alleges that Defendant sent similar communications "to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint." *Id.* ¶ 31.

Manopla and Rodriguez filed separate putative class action Complaints in this Court, each asserting a single Count stating that Defendant's actions violated 15 U.S.C. § 1692(f)(8). Defendant filed a Motion to Dismiss in each case on February 27, 2015. On March 9, 2015,

---

[2] This number, which is blacked out on the exhibit, appears to have been altered to protect Manopla's private information.

Plaintiffs filed a Joint Motion to Consolidate the two cases, on the basis that Plaintiffs alleged substantially similar legal issues. The Court consolidated the two cases on March 24, 2015, and Plaintiffs thereafter submitted a joint opposition to Defendants' Motion to Dismiss.

**II. STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly.*").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief. *Id.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 U.S. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim . . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). However, to the extent that the documents attached to the complaint contradict the factual allegations alleged in the complaint, the documents will control. *Goldenberg v. Indel, Inc.* 741 F.

Supp. 2d 618, 624 (D.N.J. 2010) (citing *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 n.8 (3d Cir.1994)).

**III. DISCUSSION**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The elements of a claim under the FDCPA are: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; (3) the defendant's action must have been done in an attempt to collect a "debt"; and (4) "the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). Defendant does not dispute that the first three elements are properly plead, but argues that Plaintiffs have not properly alleged the violation of a provision of the FDCPA.

Plaintiffs aver that Defendant violated 15 U.S.C. § 1692f(8) by displaying their account numbers on the section of the debt collection letter viewable through the glassine window of an envelope. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and provides a non-exhaustive list of conduct which is a violation of the section; according to subsection (8), it is a violation if a debt collector "Us[es] any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram . . . ." According to

5

Plaintiffs, the display of an account number not only violates this statute on its face, but has also been found to be a violation of the statute by the Third Circuit.

Defendant argues, however, that § 1692f(8) does not bar the display of an account number.[3] According to Defendant, "a debtor cannot recover merely by showing the use of a symbol other than the debt collector's address," because a strict interpretation of the law "would lead to bizarre and impracticable consequences." Def. Br. at 7. Defendant cites case law from the Eighth and Fifth Circuits, and from several district courts, to argue that there is a "benign language" exception to § 1692f(8). *Id.* at 7–8. Thus, Defendant contends, to be in violation of the statute, "the symbol or language at issue must indicate that the purpose of the letter is debt collection." *Id.* at 8. Defendant reasons that because "nothing on the envelope revealed that the correspondence was from a debt collector," and "the alleged information disclosed was not private information," there could be no violation. *Id.* at 9–10. Defendant's argument is mistaken.

The Third Circuit has expressly held that an "account number is impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 306 (3d Cir. 2014).[4] In that case, the Third Circuit acknowledged that "several courts, including the Courts of

---

[3] Defendant's Brief opens with a discussion about "Quick Response" or "QR" codes, and states that Defendant "has never had the need to use the QR code in its operation"; Defendant also discusses the use of a bar code. Def. Br. at 1–2. In support of these facts, Defendant has attached a certification of Robert Polon, CEO of ACB, attesting to facts about QR codes and bar codes. Initially, I note that the Polon certification contains facts beyond those described in the pleading, and I may not consider it on this Motion to Dismiss. *See* Fed. R. Civ. P. 12(d) (stating that, on a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Moreover, it is unclear why Defendants discuss QR and bar codes at all; Plaintiffs' claims makes no mention of these codes, and refer only to the display of the Plaintiffs' account numbers as a basis for their FDCPA claim. Accordingly, I need not discuss these issues in this opinion.

[4] Although Defendant does not raise this question, I note that the *Douglass* court also held that "§ 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope." *Douglass*, 765 F.3d at 302.

Appeals for the Fifth and Eighth Circuits, have interpreted § 1692f(8) to permit an exception for certain benign or innocuous markings," but found that those courts "did so in the context of envelope markings that did not have the potential to cause invasions of privacy." *Id.* at 304. The *Douglass* court then declined to rule on the "benign language exception," finding explicitly that an "account number is not benign." *Id.* at 303. Indeed, the court found that an account number "is a core piece of information pertaining to [the plaintiff]'s status as a debtor and [the defendant]'s debt collection effort," and that this information "could be used to expose [the plaintiff's] financial predicament." *Id.* Accordingly, the Third Circuit clearly found that the display of an account number violated the FDCPA. I find the *Douglass* decision dispositive here.

Nevertheless, Defendant attempts to distinguish this case from *Douglass*, arguing that *Douglass* involved not only the display of an account number, but also "a quick response ('QR') code, which, when scanned by a device such as a smart phone, revealed the same information as that displayed through the glassine window, as well as a monetary amount corresponding to Douglass's alleged debt." *Id.* at 300–01. Defendant argues that here, unlike in *Douglass*, "[t]he only information available is a jumble of letters and numbers," and that "the monetary amount corresponding to the debt is not available and no identifying information is discoverable." Def. Br. at 9, 10.[5]

However, the Third Circuit in *Douglass* did not limit its holding to the information found in the QR code; rather, the decision focuses entirely on the display of the plaintiff's account

---

[5] Defendant also contends that "[a]nother court has already distinguished *Douglass*." Def. Br. at 9. However, that case asserted a violation of a different section of the FDCPA, 15 U.S.C. § 1692d, and involved "the defendant's filing of relevant, necessary—but mistakenly unredacted—documents attached to a complaint in a legitimate lawsuit against the debtor." *Tschudin v. Brumbaugh & Quandahi, P.C., LLO*, Civ. No. 8:14-299, 2014 WL 7272668, at *1 n.2 (D. Neb. Dec. 18, 2014). Accordingly, that case is irrelevant to this matter.

7

number. Moreover, the *Douglass* court expressly rejected the argument that an account number is "a meaningless string of numbers and letters," stating that "the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." *Douglass*, 765 F.3d at 305–06. Thus, the law in this Circuit undoubtedly is that the mere display of an account number violates § 1692f(8).

Here, Defendant does not argue that the envelope did not display the account number, as alleged by Plaintiffs. Indeed, the letters show that Plaintiffs' account numbers are typed immediately above their names and addresses, in the section which is allegedly visible through a window envelope. *See* Rodriguez Compl. Ex. A, Manopla Compl. Ex. A.

Because the Third Circuit has held that the display of an account number through the glassine window of an envelope is a violation of § 1692f(8), Plaintiffs' allegations here—that Defendants mailed letters displaying account numbers through the glassine windows of the envelopes—are sufficient to state a claim. Thus, Defendant's motion is denied.

**CONCLUSION**

For the reasons expressed herein, Defendant's Motion to Dismiss is denied. An appropriate Order shall follow.

Date: September 9, 2015

                                                                                    /s/ Freda L. Wolfson
                                                                              Hon. Freda L. Wolfson, U.S.D.J.